UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARION REED, Individually and as
Administrator of Estate of Barbara C.
Reed, JENNIFER EDSON and RANDY
REED,

        Plaintiffs,

v.                                                                 Case No.: 2:19-cv-152-FtM-38MRM

CHARLES W. DENNY, IV and
SANDRA DENNY, as personal
representatives of the Estate of
Charles W. Denny, III,

        Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on *sua sponte* review. Because this Court declines to exercise supplemental jurisdiction over the remaining state law claims, the case is remanded back to state court.[2]

## **BACKGROUND**

In August 2018, Plaintiffs initiated this wrongful death and survival action in Iowa state court against Defendants Schneider Electric USA, Inc., as successor-in-interest to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court may examine the issue of its supplemental jurisdiction *sua sponte*. *See Verdejo v. Berkshire Property Advisors, LLC*, Case No. 6:15-cv-2015-Orl-22TBS, 2016 WL 11566517 (M.D. Fla. Aug. 2, 2016).

Square D Company ("Square D"), Charles W. Denny, III[3] ("Charles Denny"), and Does 1-10. (Doc. 1-2). Plaintiffs allege because of Defendants' negligence, Barbara Reed was exposed to asbestos, which led to her death. (*Id.*). Defendants removed the case to the Northern District of Iowa, relying on 28 U.S.C. §§ 1331 (federal question), 1343(3) (civil rights/constitutional claims), and 1332 (diversity) to confer jurisdiction. (Doc. 1).

The Northern District of Iowa determined that it lacked personal jurisdiction over Charles Denny III, and because his Estate had been filed in Collier County, Florida, transferred the case to this Court under 28 U.S.C. § 1406(a). (Docs. 73; 75). But before doing so the Northern District of Iowa dismissed the only federal claim (Doc. 74).

## DISCUSSION

Here, the only federal claim (declaratory relief as to whether certain Iowa statutes are unconstitutional) has been dismissed. (Doc. 74). Indeed, Plaintiffs' Third Amended Complaint (Doc. 145) only alleges state law claims and asserts: "There is no longer a federal question in this case. This Court may have supplemental jurisdiction over the Florida state law claims, notwithstanding the lack of diversity among the parties." (Doc. 145 at ¶ 9) (citing 28 U.S.C. § 1367).

Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. *See* 28 U.S.C. § 1367(a). This jurisdictional extension has limits, however, and a district court "may decline to exercise supplemental jurisdiction over [such] claim[s] ... if ... [it] has dismissed all claims over which it has original jurisdiction."

---

[3] Former Defendant, Charles Denny, passed away nearly one year ago. The Court substituted the representatives of his estate, Charles W. Denny, IV and Sandra Denny, as parties. (Doc. 109).

28 U.S.C. § 1367(c)(3). The decision of whether to exercise supplemental jurisdiction where a district court has dismissed all federal claims is left to the court's discretion, as "pendent jurisdiction is a doctrine of discretion, not of plaintiffs right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citation omitted). When deciding whether to exercise supplemental jurisdiction, district courts should consider "judicial economy, convenience, fairness, and comity." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) (citations omitted). "Another important consideration ... is the running of a state statute limitation." *Ingram v. Sch. Bd. of Miami Dade Cty.*, 167 F. App'x 107, 109 (11th Cir. 2006) (citations omitted).

As noted, the Court dismissed the federal claim over which it had original jurisdiction, leaving only the state law claims. On this posture, Plaintiffs are no longer entitled to remain in federal court. *See* 28 U.S.C. § 1367(c)(3); *Busse v. Lee Cty., Fla.*, 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims." (citation omitted)).

Having considered the above-discussed factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Baggett*, 117 F.3d at 1353 ("Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." (citations omitted)). This case has not progressed past Defendants' motion to dismiss, and thus it is still in the early stages of litigation. *See Raney*, 370 F.3d at 1089 (encouraging district courts to dismiss remaining state claims when the federal claim has

been dismissed prior to trial). In addition, resolution of Plaintiffs' state law claims depends on determinations of state law. Finally, there are no concerns about the timeliness of Plaintiffs' claims because § 1367(d) tolls the statutes of limitation for state claims during the period in which they have been pending in federal court and for thirty (30) days after an order of dismissal. *See* 28 U.S.C. § 1367(d); *Jinks v. Richland Cty.*, 538 U.S. 456, 465 (2003) (upholding 28 U.S.C. § 1367(d) as constitutional); *Beck v. Prupis*, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ("[A] dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"); *see generally Dunavant v. Sirote & Permutt, P.C.*, No. CIV. A. 13-0268-WS-M, 2014 WL 2885483, at *13 n.7 (S.D. Ala. June 25, 2014). For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims and will remand this case to the Iowa state state court.[4]

Accordingly, it is now **ORDERED:**

(1)  The Court declines to exercise supplemental jurisdiction over this case and therefore the case is **REMANDED** to the Iowa District Court in and for Linn County.

(2)  The Clerk is **DIRECTED** to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

(3)  The Clerk is further **DIRECTED** to terminate any pending motion or deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] Under 28 U.S.C. § 1447(d), the case is remanded to the state court "from which it was removed."